This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Berle Carter, appeals the sentence imposed upon him by the Summit County Court of Common Pleas. This Court reverses in part and remands.
 {¶ 2} On April 23, 1999, the Summit County Grand Jury charged Defendant with two counts of aggravated robbery, in violation of R.C. 2911.01, two gun specifications, in violation of R.C. 2941.14.5, and one count of having weapons under disability, in violation of R.C. 2923.13(A)(2). Thereafter, Defendant entered into a plea negotiation with the State. Pursuant to the agreement, Defendant pled guilty to an amended count one: aggravated robbery was reduced to a charge of robbery, in violation of R.C. 2911.02. The second aggravated robbery charge and the gun specifications were dismissed. On August 19, 1999, the trial court sentenced Defendant to a seven-year prison term.
 {¶ 3} Subsequently, on April 12, 2001, Defendant filed a delayed motion for post-conviction relief. The motion was denied and Defendant appealed. This Court affirmed the decision of the trial court in regards to the post-conviction petition. State v. Carter (Aug. 29, 2001), 9th Dist. No. 20572, at 9. Thereafter, on August 9, 2002, Defendant moved for leave to file a delayed appeal, pursuant to App. R. 5. The motion was granted; however, the appeal was limited to matters pertaining to Defendant's imposed sentence. Defendant then filed his appeal presenting two assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 4} "The trial court committed prejudicial and reversible error by failing to advise [Defendant] at either the time of plea or sentencing, that post-release control was a part of [Defendant's] sentence."
 {¶ 5} In his first assignment of error, Defendant alleges that the trial court erred by failing to advise him that he was subject to post-release control. Additionally, Defendant maintains that the trial court failed to advise him of the ramifications that would result from a violation of the post-release control as required by R.C. 2929.19(B)(3)(e). Defendant's allegations have merit.
 {¶ 6} R.C. 2967.28(B) provides that "[e]ach sentence to a prison term for * * * a felony of the second degree * * * that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirementthat the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." (Emphasis sic.) A felony of the second degree, that is not a felony sex offense, requires three years of post-release control. R.C. 2967.28(B)(2). Defendant was convicted of robbery, in violation of R.C. 2911.02, a felony of the second degree. Accordingly, Defendant was to receive three years of post-release control after release from imprisonment.
 {¶ 7} The Ohio Supreme Court has recently addressed the issue of post-release control and notice to a defendant. The court determined that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods v. Telb
(2000), 89 Ohio St.3d 504, paragraph two of the syllabus. See, also,State v. Owens (Jan 24, 2001), 9th Dist. No. 19932, at 11; State v.Martin (June 13, 2001), 9th Dist. No. 20292, at 4 (stating that "R.C. 2929.19(B)(3)(c) requires the trial court to notify an offender who is convicted of a second degree felony that following his release from prison he will be subject to a period of post-release control pursuant to R.C. 2967.28"). In the instant case, we find that the trial court failed to properly advise Defendant at the sentencing hearing that he would be subject to a period of post-release control.
 {¶ 8} At the sentencing hearing, the judge remarked to Defendant that "upon [his] release from prison [he] could be subjected to something called post-release control for up to five years[.]" The trial court failed to properly advise Defendant that he would be subject to post-release control for three years due to his conviction for a felony of the second degree. Accordingly, Defendant's first assignment of error, as it relates to the imposition of post-release control, is sustained.
 {¶ 9} Additionally, R.C. 2929.19(B)(3)(e) requires a lower court to notify the offender of the resulting consequences when one violates post-release control sanctions. Martin, supra, at 4. Defendant alleges, and the State has conceded, that this matter should be remanded to the trial court so Defendant may be advised of the ramifications of a violation of post-release control. Although Defendant was advised that he could be subjected to post-release control upon release from prison, the trial court failed to notify Defendant of the ramifications of violating such post-release control. Consequently, the matter is remanded so that the trial court can advise Defendant in accordance with R.C. 2929.19(B)(3)(e). The actual term of imprisonment, however, is unaffected by this remand. See Martin, supra, at 5.
 ASSIGNMENT OF ERROR II {¶ 10} "The trial court committed prejudicial and reversible error in referring to the possible application of bad-time sanctions under R.C. 2967.11 in that [R.C.] 2967.11 is unconstitutional."
 {¶ 11} In light of our disposition in assignment of error one, we need not address assignment of error two, as this assignment of error is now rendered moot. See App. R. 12(A)(1)(c).
 {¶ 12} Defendant's first assignment of error, in regards to the trial court's instruction regarding post-release control, is sustained. Assignment of error two is not addressed. The matter is remanded so that the trial court can advise Defendant in accordance with R.C. 2929.19(B)(3)(e). The term of imprisonment is unaffected by this remand.
 {¶ 13} Judgment reversed in part and remanded.
BATCHELDER, J. CONCURS, CARR, J. CONCURS IN JUDGMENT ONLY.